# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:18-CR-00028-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| WAYNE THOMAS MASSEY, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Wayne Thomas Massey's *pro se* motion for compassionate release and a request for appointment of counsel based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 29). Having carefully reviewed the Defendant's motions, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

## I. BACKGROUND

In 2018, Defendant pled guilty to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine and one count of distribution of and possession with intent to distribute methamphetamine. (Doc. No. 12). He was sentenced to 81 months imprisonment plus five years of supervised release. (Doc. No. 26).

Defendant is a 54-year-old male confined at FCI Beckley, a medium-security federal corrections institution in West Virginia, with a projected release date of February 22, 2024. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He claims he suffers from a heart murmur, high blood pressure and hepatitus C.

(Doc. No. 29, at 2). According to his Presentence Report, he reported that he suffers from high blood pressure and takes medication daily for this condition. (Doc. No. 21, ¶ 91). Defendant has provided what appears to be a blood chemistry report dated December 12, 2019. (Doc. No. 29, Exhibit B).

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where

pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). While he attaches a denial of his request for compassionate release from the warden dated July 6, 2020, he has not exhausted all administrative appeals of the warden's adverse decision that are available to him within the BOP.

According to the BOP's website, FCI Beckley currently has 19 inmates and 4 staff with confirmed active cases of COVID-19. There are approximately 1,200 inmates at FCI Beckley. There have been no inmate or staff deaths and no inmate has recovered and 1 staff has recovered. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With so few positive cases at FCI Beckley, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at FCI Beckley are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and

its extensive and professional efforts to curtail the virus's spread at FCI Beckley. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The Court does not intend to diminish Defendant's concerns about the pandemic. However, given the scale of the COVID-19 pandemic and the complexity of the situation in federal institutions, it is even more important that Defendant first attempt to use the BOP's administrative remedies. *See United States v. Annis,* 2020 WL 1812421, at *2 (D. Minn. Apr. 9, 2020). Not only is exhaustion of administrative remedies required under the law, but it also "makes good policy sense." *United States v. Fevold,* 2020 WL 1703846, at *1 (E.D. Wis. Apr. 8, 2020). "The warden and those in charge of inmate health and safety are in a far better position than the sentencing court to know the risks inmates in their custody are facing and the facility's ability to mitigate those risks and provide for the care and safety of the inmates." Id. As the Third Circuit has recognized, "[g]iven BOP's shared desire for a safe and healthy prison environment . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Raia,* 954 F.3d at 597.

For these reasons, the Court will deny Defendant's motion without prejudice to a renewed motion properly supported by evidence and once he has appropriately exhausted his administrative remedies.

### III.    APPOINTMENT OF COUNSEL

Defendant also requests appointment of counsel to assist him with his compassionate release motion. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205

F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to risks associated with the COVID-19 pandemic that allegedly place him at greater risk of complications if he contracts the virus. Defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel, and Defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances at this time. Accordingly, the Court will deny the motion to the extent Defendant seeks appointment of counsel.[1]

### IV. ORDER

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for compassionate release and appointment of counsel (Doc. No. 29), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: September 22, 2020

Kenneth D. Bell
United States District Judge

---

[1] A number of courts have denied a motion for appointment of counsel as moot where the motion for compassionate release is denied due to the inmate's failure to exhaust his administrative remedies. *See, e.g.*, *United States v. Tutt*, No. 6:17-CR-040-CHB-1, 2020 WL 2573462, at *2 (E.D. Ku. May 21, 2020); *United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, -- F. Supp. 3d --, 2020 WL 2521273, at *9 (E.D. Tenn. May 13, 2020); *United States v. Woolum*, No. 5:84-CR-21-TBR, 2020 WL 1963787, at *2 (W.D. Ky. Apr. 23, 2020).